IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT VERNON CLARK JR. | § | |
| v. | § | CIVIL ACTION NO. 9:09cv48 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Robert Clark, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clark was convicted of robbery in the 217th Judicial District Court of Angelina County, Texas, receiving a sentence of 32 years in prison. His conviction was affirmed by the Twelfth Judicial District Court of Appeals, and Clark did not seek discretionary review. Instead, he sought habeas corpus relief in the state court system; the Court of Criminal Appeals remanded the petition to the state district court for resolution of disputed factual issues, and once this was done, Clark's petition was denied without written order based on the findings of the trial court.

In his federal habeas petition, Clark complained that he was the subject of an unlawful arrest, the district attorney initiated an unlawful prosecution, the trial court lacked jurisdiction because the arrest was invalid, there was no commitment order and no bail set, and he received ineffective assistance of counsel at trial. The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent asserted that Clark's claims were barred by the statute of limitations, his third and fourth claims were procedurally defaulted because they were not presented to the Texas Court of Criminal Appeals, and that all of the claims lacked merit. Clark filed a response to the answer

saying that he was wrongfully convicted and sentenced because the trial court lacked subject matter jurisdiction.

After review of the pleadings, the Magistrate Judge issued a Report on September 22, 2009, recommending that the petition be dismissed with prejudice. In this Report, the Magistrate Judge first rejected the Respondent's argument that Clark's claims were barred by limitations. Relying on Windland v. Quarterman, 578 F.3d 314 (5th Cir. 2009), a case which was handed down by the Fifth Circuit after the Respondent's answer was filed, the Magistrate Judge computed that Clark filed his petition on the last possible day within the limitations period. Neither party objected to the Magistrate Judge's Report in this regard, and the Court has determined that the Magistrate Judge was correct.

The Magistrate Judge then turned to the merits of Clark's claims. The Magistrate Judge concluded that: Clark's claim of an unlawful arrest was barred by Stone v. Powell, 428 U.S. 465 (1976); Clark failed to show that he was denied due process in the pre-trial proceedings; Clark's claim that the trial court lacked jurisdiction was not presented to the Texas Court of Criminal Appeals and thus was procedurally defaulted and also lacked merit; his ineffective assistance of counsel claim was procedurally defaulted in part; and Clark failed to show that he received ineffective assistance at trial. The Magistrate Judge also recommended that Clark be denied a certificate of appealability *sua sponte*.

Clark filed objections to the Magistrate Judge's Report on October 7, 2009. In his objections, Clark recites his version of the facts, including his assertion that no criminal charges were filed, he was arrested without a warrant, and no probable cause affidavit was ever obtained. Clark says, for the first time in his objections, that "he won his parole hearing" because the Board approved him to continue his parole, based on the fact that there was no documentation, affidavits, or police reports filed in connection with the incident. He then sets out his objections, verbatim, as follows:

> \* The lack of factual Documentation in District Court records proven proper Jurisdiction to cause no. 22-174.

* No District Court records to a valid arrest, commitment order, nor Bail prior to indictment. 4/27/200] [sic]

* No probable cause affidavits -

* No arrest warrant affidavits - before and after Clark's warrants, arrest, and jail detention.

* Clark was compelled to be a witness against himself, a violation of his Fifth Amendment rights U.S.C.A.

* Prosecutors never filed charges with District Court Article 2.05, 15.04, 21.22 Tex. Code Crim. Pro.

Clark concludes by saying that the case should never have gone to trial because of the lack of state and federal criminal procedures and rules, and that the record is "non-existent to due process."

As the Magistrate Judge explained, Clark was arrested after he walked into the police department and gave a statement detailing his involvement in the crime. Even if no warrant had been obtained prior to this, Clark has not shown a denial of due process in the fact that he was arrested after giving this statement.

Nor has Clark shown a denial of due process in the allegedly improper lack of a "commitment order" or the setting of bail, which he indicates was not done until after he was indicted. As the Magistrate Judge said, Texas law provides that once jurisdiction vests in the district court through the presentment of an indictment, procedural irregularities such as the loss of the original indictment or an untimely referral order will not divest this jurisdiction. Clark offers nothing to refute the Magistrate Judge's conclusion that he had procedurally defaulted his claim that the trial court lacked jurisdiction and his claim that he received ineffective assistance of counsel when his attorney failed to review the record to ascertain that no charges had been filed, nor has he shown that either of these claims contain any merit even had they not been procedurally defaulted. Clark's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other

pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Robert Clark be and hereby is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **26** day of **October, 2009.**

_____
Thad Heartfield
United States District Judge